SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NIAGARA
-----------------------------------------------------------x
ANDREW BRETON,

Plaintiff/Petitioner,

-against- Index No.E185433/2024

HOME DEPOT U.S.A., INC. and HOME DEPOT,

Defendant/Respondent.
-----------------------------------------------------------x

**NOTICE OF ELECTRONIC FILING**
**(Mandatory Case)**
(Uniform Rule § 202.5-bb)

**You have received this Notice because:**

1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using th New York State Courts E-filing system ("NYSCEF"), and

2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
**You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

**If you choose to participate in e-filing, you must have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

The **benefits of participating in e-filing** include:

- serving and filing your documents electronically
- free access to view and print your e-filed documents
- limiting your number of trips to the courthouse
- paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov



Exhibit A

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: November 25, 2024

Moses Ahn, Esq.
Name

Morgan & Morgan NY PLLC
Firm Name

199 Water Street, Suite 1500
New York, New York 10038
Address

(201) 209-3425
Phone

mahn@forthepeople.com
E-Mail

To: HOME DEPOT U.S.A., INC.
Via Secretary of State c/o Corporation Service Company
80 State Street
Albany, NY 12207

HOME DEPOT
5730 South Transit Road
Lockport, NY 14094



Exhibit A

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NIAGARA**

--------------------------------------------------------------------X

ANDREW BRETON,

Plaintiff,

-against-

HOME DEPOT U.S.A., INC. and HOME DEPOT,

Defendants.

--------------------------------------------------------------------X

**INDEX #:E185433/2024**

**SUMMONS**

Plaintiff Designates
County of Niagara

The basis of venue is:
Place of Occurrence

The location of occurrence was
5730 South Transit Road
Lockport, NY 14094

**To the above-named Defendants:**

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answers, or if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's Attorney(s) within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
November 21, 2024

Yours, etc.,

[signature]

**By: Moses Ahn, Esq.**
**MORGAN & MORGAN NY PLLC**
***Attorneys for Plaintiff***
**199 Water Street, Suite 1500**
**New York, New York 10038**
**TEL: (201) 209-3425**
**FAX: (201) 209-3475**

[Continued on following page]



**Exhibit A**

**Defendants' Address:**

**HOME DEPOT U.S.A., INC.**
Via Secretary of State
c/o Corporation Service Company
80 State Street
Albany, NY 12207

**HOME DEPOT**
5730 South Transit Road
Lockport, NY 14094

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NIAGARA**

---------------------------------------------------------------X

ANDREW BRETON, **INDEX #:E185433/2024**

Plaintiff, **VERIFIED COMPLAINT**

-against-

HOME DEPOT U.S.A., INC. and HOME DEPOT,

Defendants.

---------------------------------------------------------------X

The plaintiff, **ANDREW BRETON,** by his attorneys, **MORGAN & MORGAN NY PLLC**, complaining of the defendants, alleges, upon information and belief, the following:

1. That plaintiff, **ANDREW BRETON,** resides in the City of Lockport, County of Niagara and State of New York.

2. That the accident complained of herein occurred in the City of Lockport, County of Niagara and State of New York.

3. That at all times hereinafter mentioned, defendant, **HOME DEPOT U.S.A., INC.,** was a domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York.

4. That at all times hereinafter mentioned, defendant, **HOME DEPOT U.S.A., INC.,** was a foreign corporation licensed to do business in the State of New York and doing business in the State of New York.

5. That at all times hereinafter mentioned, defendant, **HOME DEPOT,** was a domestic corporation duly organized and existing under and by virtue of the laws of the State of



**Exhibit A**

New York.

6. That at all times hereinafter mentioned, defendant, **HOME DEPOT,** was a foreign corporation licensed to do business in the State of New York and doing business in the State of New York.

7. That at all times hereinafter mentioned, defendant, **HOME DEPOT U.S.A., INC.,** owned the premises located in front of 5730 South Transit Road, Lockport, NY, 14094 (hereinafter "subject premises").

8. That at all times hereinafter mentioned, defendant, **HOME DEPOT U.S.A., INC.,** operated, managed, supervised, and controlled the subject premises.

9. That at all times hereinafter mentioned, defendant, **HOME DEPOT U.S.A., INC.,** maintained, and inspected the subject premises.

10. That at all times hereinafter mentioned, defendant, **HOME DEPOT U.S.A., INC.,** its agents, servants and/or employees were under a duty to keep the subject premises in a safe and proper condition, so that they were not dangerous to those who lawfully used them.

11. That at all times hereinafter mentioned, defendant, **HOME DEPOT U.S.A., INC.,** its agents, servants and/or employees caused, created, permitted and allowed dangerous conditions to exist and remain in the subject premises.

12. That at all times hereinafter mentioned, defendant, **HOME DEPOT,** owned the subject premises.

13. That at all times hereinafter mentioned, defendant, **HOME DEPOT,** operated, managed, supervised, and controlled the subject premises.

14. That at all times hereinafter mentioned, defendant, **HOME DEPOT**, maintained, and inspected the subject premises.



Exhibit A

15. That at all times hereinafter mentioned, defendant, **HOME DEPOT,** its agents, servants and/or employees were under a duty to keep the subject premises in a safe and proper condition, so that they were not dangerous to those who lawfully used them.

16. That at all times hereinafter mentioned, defendant, **HOME DEPOT,** its agents, servants and/or employees caused, created, permitted and allowed dangerous conditions to exist and remain in the subject premises.

17. That on or about January 18, 2024, plaintiff, **ANDREW BRETON,** while lawfully present at the subject premises, he was caused to slip and fall.

18. That as a result of the foregoing, plaintiff, **ANDREW BRETON,** has suffered serious personal injuries and was required to be provided with medical care and attention for the treatment of his injuries, and was and will be in the future unable to attend to his usual duties as a result of said injuries and, upon information and belief, he will be required to have medical treatment in the future and said injuries may be of a permanent nature.

19. That at all times hereinafter mentioned, the defendants, its servants, agents, and/or employees were careless, reckless, negligent and guilty of culpable conduct, in causing, creating, permitting, and/or allowing a dangerous, hazardous, defective condition to be, continue, and remain upon said premises; in causing, allowing, creating, and/or permitting a hazard, menace, and a nuisance for persons lawfully at said premises, and in particular this plaintiff; in failing to hire competent personnel for the purpose of maintaining and/or cleaning said premises which was available for use by the invitees, patrons, customers and more particularly this plaintiff; in failing to take reasonable measures necessary to prevent the creation of a hazardous condition for those persons lawfully at said premises, and in particular this plaintiff; in failing to adequately supervise those servants, and/or allowance of a hazardous condition; in causing the Plaintiff to



Exhibit A

slip and fall; in causing, permitting, and allowing said premises to exist and remain in an otherwise unsatisfactory condition, thereby constituting a concealed menace, nuisance, hazard and trap; in failing to adequately and reasonably supervise their servants, agents, and/or employees for the purpose of adequately and responsibly operating, maintaining and controlling the premises; in failing to inspect said premises; in failing to take the necessary and requisite steps to prevent this foreseeable occurrence; in having both actual and/or constructive knowledge of the dangerous conditions complained of; in violating the applicable rules, statutes, and ordinances which governed the activities of the defendants at the time and place herein mentioned; in failing to place signs, signals, warnings barriers and/or other notices so as to alert the public, and the plaintiff in particular, of the impending danger existing thereat; and in otherwise being negligent in the premises.

20. That at all times hereinafter mentioned, and for some time prior thereto, the defendants, its agents, servants and/or employees had knowledge and written, actual and/or constructive notice of the aforementioned dangerous, hazardous and unsafe condition.

21. That this accident falls within one or more of the exceptions set forth in CPLR 1602.

22. That by reason of the foregoing, plaintiff, **ANDREW BRETON,** has been damaged by defendants in a sum which exceeds the jurisdictional limits of all lower Courts.

**WHEREFORE**, plaintiff, **ANDREW BRETON,** demands judgment against defendants in a sum which exceeds the jurisdictional limits of all lower Courts, all together with the interests, costs and disbursements of this action.

Dated: New York, New York
November 21, 2024



**Exhibit A**

Yours, etc.,

By: Moses Ahn, Esq.
**MORGAN & MORGAN NY PLLC**
***Attorneys for Plaintiff***
**199 Water Street, Suite 1500**
**New York, New York 10038**
**TEL: (201) 209-3425**
**FAX: (201) 209-3475**



**Exhibit A**

## ATTORNEY VERIFICATION

STATE OF NEW YORK )
) ss.:
COUNTY OF NEW YORK )

The undersigned affirms this 21st day of November, 2024, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law pursuant to CPLR § 2106:

That they are an attorney with the firm of **MORGAN & MORGAN NEW YORK, PLLC**, Attorneys for the plaintiff, **ANDREW BRETON**, herein.

That he has read the foregoing **SUMMONS AND VERIFIED COMPLAINT** and knows the contents thereof, and, that the same is true to the knowledge of your deponent, except as to those matters therein alleged on information and belief, and that as to those matters they believe them to be true.

That the reason why this Verification is made by your deponent and not by the plaintiff is that said party resides outside the county in which your deponent maintains their office.

That the source of your deponent's information and the grounds of his belief as to all matters therein alleged upon information and belief is reports from and communications had with said party.

Dated: New York, New York
November 21, 2024

[signature]

MOSES AHN, ESQ.



Exhibit A

INDEX #:E185433/2024 Year 24

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NIAGARA

---

ANDREW BRETON,

Plaintiff,

-against-

HOME DEPOT U.S.A., INC. and HOME DEPOT,

Defendants.

---

SUMMONS AND VERIFIED COMPLAINT

---

MORGAN & MORGAN NY PLLC
*Attorneys for Plaintiff*
199 Water Street, Suite 1500
New York, New York 10038
TEL: (201) 209-3425
FAX: (201) 209-3475



Exhibit A